OPINION
Defendant Dwaine A. Mahone appeals a judgment of the Ashland Municipal Court convicting and sentencing him for possession of marijuana and drug paraphernalia, after a jury found him guilty. The jury found appellant not guilty of operating a motor vehicle while under the influence of alcohol or drugs. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE DEFENDANT-APPELLANT'S CONVICTION FOR POSSESSION FOR MARIJUANA AND POSSESSION OF DRUG PARAPHERNALIA WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Officers of the Ashland County Sheriff's Department observed appellant operating his motor vehicle erratically. They stopped the vehicle, ultimately arresting appellant for operating the motor vehicle under the influence of alcohol. Officers then conducted a vehicle inventory prior to having the vehicle towed away. During the course of the inventory, officers found marijuana and two marijuana pipes inside a blue duffle bag located on the front passenger's side of the vehicle. No other drugs were found anywhere else in the vehicle.
In defense, appellant called his boyfriend, David Johnson to testify. Johnson testified the two had been in a relationship, but the relationship broke up. On the day in question, Johnson packed appellant's belongings and placed them in appellant's car. Among the items he packed were marijuana and drug paraphernalia, which he considered essential for appellant because appellant is HIV positive and the marijuana helped control the nausea he experienced with his condition. Johnson testified he packed items in a cardboard box, and a in a paper bag, and in a blue duffle bag. Although his testimony varied in how the marijuana and paraphernalia were packed, he consistently testified the items were placed in more than one container. Johnson testified he placed various items in the back seat and the storage area, not on the front seat.
Appellant admitted the marijuana and drug paraphernalia belonged to him, but denied any knowledge that the items were in the vehicle at the time the officers stopped it.
Appellant argues his conviction is against the manifest weight of the evidence, because the State did not prove he knowingly possessed marijuana and drug paraphernalia at the time of the arrest. The State responds appellant's friend testified he packed the items separately and in the back seat or storage area. The deputy who inventoried the vehicle testified the items were all found in a blue duffle bag on the front seat of the vehicle. The evidence presented, the State argues, permits the inference the appellant moved the contraband and re-packed it in a different place. Furthermore, the officer testified the zip-lock baggy in which the water bong was packed was wet, allowing the inference the pipe had recently been used.
Our standard of reviewing claims a verdict is against the manifest weight of the evidence was explained in State v. Thompkins (1997),78 Ohio St.3d 380. The Supreme Court defined the weight of the evidence as the inclination of the greater amount of credible evidence offered at trial to support one side of the issue rather than the other, Thompkins
at 387, citations deleted. We must inquire whether the jury clearly lost its way, creating a miscarriage of justice that requires a conviction be reversed, Id.
We have reviewed the record, and we find there is sufficient, competent and credible evidence which, if believed by the jury, would warrant its finding appellant guilty beyond a reasonable doubt.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Ashland Municipal Court, Ashland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By GWIN, J., HOFFMAN, P.J., and WISE, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Ashland Municipal Court, Ashland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.